```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

PROGRESSIVE PUBLICATIONS, INC.,   )
                                  )
                 Plaintiff,       )
                                  )
    v.                            )    No.  07 C 4164
                                  )
CAPITOL COLOR MAIL, INC.,         )
                                  )
                 Defendant.       )

## MEMORANDUM ORDER

This action has been the source of some frustration on the part of this Court. On August 2, 2007 counsel for plaintiff Progressive Publications, Inc. ("Progressive") filed and served on counsel for defendant Capitol Color Mail, Inc. ("Capitol") a document captioned "Objection to Removal and Petition for Remand," without however complying with the requirement in this District Court's LR 5.3(b) that all motions or objections must be accompanied by a notice of presentment identifying the date and time for proposed presentment.[1] Since then this Court's minute clerk has been unsuccessful in reaching Progressive's counsel for that purpose, having left telephonic voicemail messages without any response.

It is quite true that LR 78.2 permits this Court to deny such a noncomplying motion sua sponte, but this Court finds that

---

[1] It may be that Progressive's counsel, an Elgin attorney who originally filed this action in the Circuit Court for the Sixteenth Judicial Circuit of Kane County, is not experienced with federal practice--and is thus unfamiliar with this District Court's LRs.

such a step would be inappropriate here, given what appears to be the substantive merit of Progressive's position. As its filing has pointed out, each of the documents between the parties--a Master Publisher Agreement (in its Paragraph 15) and an Exclusive Management Agreement for Chicagoland Joint Expansion (in its Paragraph 13)--contains this provision:

> In the event of any dispute, Illinois law shall apply. Jurisdiction and venue shall be situated in Kane County, IL.

And that reference to a "Kane County" venue clearly requires a good deal of stretching to encompass venue in this District Court, which does have Kane-County-originated cases within its purview but is certainly not "<u>situated</u> in Kane County" (as is the state court from which Capitol's counsel has sought to remove this action).

On that score this Court's colleague Honorable David Coar has dealt with an identical situation (so identical that even the designated county was the same) in <u>Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.</u>, No. 03 C 2322, 2003 WL 21877615, at *2 (N.D. Ill. Aug. 6):

> Plaintiff next argues that because Kane County, Illinois is a county within the judicial district of the Northern District of Illinois, Eastern Division, venue is proper in this Court. Defendant argues, however, that because there is no federal court located in Kane County, Illinois, the express reference to Kane County, Illinois could only have been intended to mean the state court in Kane County, Illinois. A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted

2

> to permit suit in a federal court located in a
> different county. See Infinite Technology. Inc. v.
> Rockwell Electronic Commerce Corp., 2001 WL 527357 at
> *2 (N.D. Ill. May 16, 2001)(contract requiring suit to
> be brought in "courts of DuPage County, State of
> Illinois" could not be interpreted to include federal
> court located in Cook County, Illinois); Intermountain
> Systems, Inc. v. Edsall Construction Co., 575 F.Supp.
> 1195, 1197-98 (D. Col. 1983)(interpreting a forum
> selection cause which mandated venue in Adams County,
> Colorado to include the federal district court for
> Colorado "would be a severe catachresis"). Moreover,
> venue in the federal system is stated in terms of
> judicial districts, not counties. Thus, where a forum
> selection clause merely designates a particular county,
> venue lies only in the state courts in that county.
> Accordingly, venue is improper in the Northern District
> of Illinois.

Although Judge Wayne Andersen's opinion in the Infinite Technology case cited by Judge Coar is not on all fours with this case, Sompo Japan certainly is--and the earlier Intermountain Systems case out of the District Court in Colorado is to the identical effect.

Even though Capitol's counsel may perhaps be able to come up with some persuasive argument to the contrary, at the present reading this Court finds Sompo Japan wholly persuasive. Because Progressive's counsel's noncompliance with LR 5.3(b) has meant that Capitol's counsel has not been notified of any due date for a response (on August 3 this Court entered an order pursuant to the parties' stipulation extending Capitol's pleading date to August 22), on or before the August 22 date Capitol's counsel are ordered to file not only (1) a pleading responsive to Progressive's Complaint but also (2) a memorandum explaining why

3

an immediate remand to the Circuit Court of Kane County is not called for.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 7, 2007