IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROGRESSIVE PUBLICATIONS, INC., )
                                               )
                Plaintiff, )
                                               )
v.                                              )   No. 07 C 4164
                                               )
CAPITOL COLOR MAIL, INC., )
                                               )
                Defendant. )

## MEMORANDUM OPINION AND ORDER

In response (1) to the Objection to Removal and Petition for Remand filed by plaintiff Progressive Publications, Inc. ("Progressive") and (2) to this Court's ensuing August 7, 2007 memorandum order ("Order"), both questioning the propriety of the removal of this action to this District Court from its original situs in the Circuit Court for the Sixteenth Judicial District in Kane County, counsel for removing defendant Capitol Color Mail, Inc. ("Capitol") has filed its Memorandum of Law on the subject. With both parties thus having weighed in on the issue, it is ripe for resolution.

Capitol begins its response by asserting that in issuing the Order this Court "did not have the benefit of [its] analysis" of the opinion in <u>Truserv Corp. v. Prices Ilfeld Hardware Co.</u>, No. 01 C 50271, 2001 WL 1298718 (N.D. Ill. Oct. 24). That of course is a matter of perspective: Progressive's counsel would no doubt retort that this Court did not have the benefit of <u>its</u> contrary analysis of <u>Truserv</u>. But in all events what is true of <u>Truserv</u>

and of the bulk of the cases sought to be called to the aid of each party is that those cases emanate from District Courts--sources that, as our Court of Appeals regularly reminds those of us who labor in the District Court vineyards and all the rest of the legal universe, do not make precedent, so that such opinions have value only to the extent that others may find their reasoning persuasive (see, e.g., Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 457-58 (7th Cir. 2005) and the numerous cases cited there).[1]

That District Court predominance is of course understandable, because the bulk of the decisions on the subjects of removal and remand are nonreviewable on appeal due to the proscription set out in 28 U.S.C. §1447(d)[2]--see the discussion in this Court's article published earlier this year, Traps for the Unwary in Removal and Remand, 33 Litig. 43, 43-44 (cited here simply as "Traps"). But the question posed here is an exception to that bar, for a remand order in this case (like the remand

---

[1] It is thus misleading for Capitol to speak of Truserv in this fashion (Mem. 1):

> In Truserv, the Northern District of Illinois, Eastern Division held....

Nothing of the sort--instead that opinion (like this one) does not reflect an institutional decision, but is simply the work product of an individual judge sitting in this judicial district.

[2] All further references to Title 28's provisions will simply take the form "Section--."

order, for example, in <u>Thermtron Prods., Inc. v. Hermansdorfer</u>, 423 U.S. 336 (1976)) would not be based on the absence of subject matter jurisdiction (see <u>Traps</u>, 33 Litig. at 44).

Hence this Court will look instead to two precedential opinions--opinions emanating from a Court of Appeals that, unlike the brief snippets from appellate opinions that Capitol's counsel has chosen to quote, are fully instructive on the subject at hand and that strongly support remand. It will be recalled from Order at 2 that each of the contracts on which Progressive has filed suit--a Master Publisher Agreement (in its Paragraph 15) and an Exclusive Management Agreement for Chicagoland Joint Expansion (in its Paragraph 13)--contains this provision:

> In the event of any dispute, Illinois law shall apply. Jurisdiction and venue shall be situated in Kane County, IL.

With all respect, Capitol's effort to inject that language with some element of ambiguity is wholly unpersuasive, for the contractual language is clear: It speaks in mandatory terms ("shall") and its geographical designation ("situated in Kane County, IL") admits of only one meaning. In the latter respect, whatever else may be said as to the geographical ambit of the Northern District of Illinois, which includes Kane County as one of its constituent 18 counties, this District Court does not rest its figurative bottom[3] (and this Court does not rest its literal

---

[3] To borrow the British locution.

bottom) _in_ Kane County.[4]

If Capitol were to view what has just been said as an excessively literal reading, the short answer is simply that the contractual language has precisely that (and only that) literal meaning. And as for Capitol's attempted emphasis on the notion that the two contracts between the parties do not designate the Illinois state court as the court of exclusive jurisdiction, that is nothing more than an exercise in semantics--after all, the Circuit Court of Kane County _is_ the court that is situated exclusively _in_ that county.

Little wonder, then, that two unanimous panels of the Court of Appeals for the Tenth Circuit (in <u>Excell, Inc. v. Sterling Boiler & Mech., Inc.</u>, 106 F.3d 318 (10th Cir. 1997) and <u>Milk 'N' More, Inc. v. Beavert</u>, 963 F.2d 1342 (10th Cir. 1992)) have indulged a like analysis and have concluded, as this Court does, that remand is called for under such circumstances. Indeed, <u>Milk 'N' More</u> is instructive in more than one respect, for it begins by confirming the existence of appealability mentioned earlier here (see 963 F.2d at 1344-45). But although that decision is also directly on point on the subject of situs that is at issue here (<u>id</u>. at 1346), the on-all-fours holding in <u>Excell</u>, 106 F.3d at 321 is both succinct and direct and hence more eminently

---

[4] As Section 93(a)(1) provides, court for this Eastern Division (which includes Kane County) "shall be held at Chicago and Wheaton" alone.

4

quotable:

> We now turn to the forum selection clause at issue here. The clause provides in pertinent part that if any dispute arises regarding the provisions of the contract, "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." 916 F.Supp. at 1064. Keeping in mind the mandatory/permissive dichotomy, and giving the language of the clause its plain meaning, we conclude the clause is mandatory and requires that any breach of contract action be brought and litigated in the District Court of El Paso County, Colorado. Although Sterling argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts." See 28 U.S.C. §1391. Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court. See Intermountain Systems v. Edsall Const. Co., 575 F.Supp. 1195, 1198 (D. Colo.1983)(rejecting similar argument that forum selection clause providing "venue shall be in Adams County, Colorado," could be construed to allow removal to federal district court in Colorado).

This Court need not parse Capitol's arguments (or its cited cases) to justify the result that is reached here--suffice it to say that those arguments are unpersuasive both singly and collectively. Just to choose two examples, Capitol's argument as to the federal definition of venue in Section 1441 being "the district and division embracing the place where such action is pending" (Mem. 3) is of course circular, for that definition cannot substitute for the parties' contractual agreement that venue for _their_ purposes is in Kane County and not in a federal judicial district. Nor can the now-claimed--but previously

5

uncommunicated--mindset of Capitol's President Michael Boylan (his Declaration ¶4 attached to Capitol's Mem.), in which he seeks to disclaim an intention that the agreements should be read as they clearly read, cabin the plain meaning of the contractual language.

One final matter bears brief mention: Capitol's effort to keep the case here by pointing to Count III of Progressive's Complaint, which asserts an oral agreement and, as Capitol would have it, does not contain the venue designation discussed here. That last proposition is not necessarily certain, for Count III ¶7 refers to that oral agreement for commissions on all sales of the regional magazine as "following paragraph 9 of the exclusive management agreement," which does contain the designation of venue. But even apart from that uncertainty, this Court would be loath (as both parties should be as well) to ship Counts I and II back to the state court, as the parties' contracts require, while retaining the closely related Count III here (in that respect, note the flipside provision granting judicial discretion in the situation that is described in Section 1441(c)).

Accordingly this Court has determined that both litigants' voluntarily-entered-into contracts call for this litigation (including Count III as a tagalong) to be adjudicated in the Circuit Court of Kane County. This action is therefore remanded to that place of origin, and the Clerk is ordered to transmit the

certified copy of the remand order forthwith.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  August 17, 2007